## Thomas MacLagan, Appellee, v. Chicago Telephone Company, Appellant.

### Gen. No. 20,958. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed December 21, 1915.

### Statement of the Case.

Action by Thomas MacLagan, plaintiff, against the Chicago Telephone Company, defendant, in the Circuit Court of Cook county, to recover for personal injuries sustained by reason of a fall from a telephone pole. From a judgment for plaintiff for $7,000, defendant appeals.

HOLT, CUTTING & SIDLEY, for appellant.

FRANCIS X. BUSCH, FRANK A. ROCKHOLD and DAVID G. ROBERTSON, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1.   MASTER AND SERVANT, § 685*—*sufficiency of evidence to sustain verdict for injuries due to defective appliances.*   In order to recover in an action for personal injuries sustained by a servant as a result of defects in the appliances of the business, plaintiff must prove (1) that the appliance was defective; (2) that the master had or should have had notice or knowledge of such defect; (3) that the servant did not know of the defect, and that his means of knowledge were not equal to those possessed by the master.

2.   MASTER AND SERVANT, § 120*—*what constitutes an appliance.*   A telephone pole is an appliance for the support of the telephone wires, and, when used by a lineman as a means of reaching the wires, serves the same purpose as a ladder or scaffolding.

3.   MASTER AND SERVANT, § 698*—*sufficiency of evidence as to knowledge of defective telephone pole by employee.*   In an action by a servant against a master to recover for personal injuries sustained by a fall from a telephone pole, due to the breaking of an alleged defective brace supporting a cross-arm on such pole, evidence *held* sufficient to prove that plaintiff's means of knowing the condition of such brace and arm were equal to those of defendant, it appearing that plaintiff was an experienced repairman who for four years prior to the accident had been working on similar poles and cross-arms.

4.   MASTER AND SERVANT, § 699*—*when servant repairing telephone line guilty of contributory negligence.*   In an action by a servant against a master to recover for injuries sustained as a result of falling from a telephone pole on account of a defective brace, a recovery *held* barred by contributory negligence.

5.   MASTER AND SERVANT, § 698*—*sufficiency of evidence as to assumption of risk by telephone lineman.*   In an action by a servant against a master to recover for injuries sustained as a result of a fall from a telephone pole on account of a defective brace upon which plaintiff rested his weight, *held* that under the evidence plaintiff assumed the risk, it appearing that plaintiff was an experienced repair man, who for four years prior to the accident had been working on similar poles.

6.   MASTER AND SERVANT, § 322*—*when servant repairing telephone line assumes risk.*   An experienced employee who is required to climb poles frequently in the course of his duties, and is fully acquainted with the dangers incident to such work, assumes the risk of dangers discoverable by reasonable inspection, the duty of making which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was imposed upon the employee, in the absence of a separate system of inspection by the master, on which the employee has a right to rely and does rely.

7. MASTER AND SERVANT, § 307—*when duty of telephone lineman to make inspection.* In an action by a servant against a master to recover for personal injuries due to a fall from a telephone pole as the result of the breaking of an alleged defective brace supporting a cross-arm on said pole, where plaintiff was an experienced lineman accustomed to working on such poles, evidence *held* to show that the duty of inspection was imposed on plaintiff, and not on defendant.